UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- x
LINNEA WEXLER, *Individually and On
Behalf Of Minor Daughter* V. P. W.,                                **Index No.:**

        Plaintiffs,

  -  against  -

LAWYERS FOR CHILDREN, INC., SERINA
ROSENBAUM, LINDA DIAZ, HAL SILVERMAN,
ANNA SCHISSEL, KAREN FREEDMAN, GLENN
METSCH-AMPEL, LISA LUBELL, SHIRIM
NOTHENBERG, SELENE GONZALEZ, MARGARET
TARVIN, ALLEN HALPIN, MIKE MURTAGH,
TARA SHEORAN, AND DYANE MCMAHON.

        Defendants.
--------------------------------------------------------------------------------- x


**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**


            Linnea Wexler, *Pro Se*, Individually and
            On Behalf Of Minor Daughter, V.P.W.
            500 East 77th St., Apt. 1510
            New York, New York 10162
            (917) 818-7557
            linnealegal@gmail.com

# TABLE OF CONTENTS

                                                                                           **Pages**

**PRELIMINARY STATEMENT**……………………...........................................5

**PREVAILING LAW** ....................................................................................5

**BURDEN HAS BEEN MET TO GRANT PLAINTIFFS' OSC**…………..……..9

**CONCLUSION**……………………………………………….……………11

# TABLE OF AUTHORITIES

**Cases**                                                                                                                          **Pages**

*Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)………7

*Citigroup Glob. Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*,
598 F.3d 30, 35 (2d Cir. 2010)……………………………………………...5,6

*Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 985 (2d Cir. 1996))…………………7

*Eastman Kodak Co. v. Collins Ink Corp.,* 821 F. Supp. 2d 582,
590-91 (W.D.N.Y. 2011)…………………………………………………….7,8

*Faiveley Transport. Malmo AB v. Wabtec Corp.*, 559 F.3d 110,
118 (2d Cir. 2009)…………………………………………………………..4

*Free Country Ltd v. Drennen*, 235 F. Supp. 3d 559, 565 (S.D.N.Y. 2016)….……6,7

*Garcia v. Yonkers Sch. Dist.,* 561 F.3d 97, 107 (2d Cir. 2009)……………………..5

*Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.,* 596 F.2d 70, 72 (2d Cir. 1979))... 5,6

*Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002)………………………..6

*Kamine/Besicorp Allegany L.P. v. Rochester Gas & Elec. Corp.*,
908 F. Supp. 1180, 1187 (W.D.N.Y. 1995)……………………………………5

*MyWebGrocer, LLC v. Hometown Info, Inc.*, 375 F.3d 190, 192 (2d Cir. 2004)…...4

*Nat'l Coal. on Black Civic Participation v. Wohl,* 498 F. Supp. 3d 457, 469
(S.D.N.Y. 2020)………………………………………………………………6

*New York City Triathlon, LLC v. NYC Triathlon Club, Inc.*,
704 F. Supp. 2d 305, 345 (S.D.N.Y. 2010)……………………………………7

*Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 829 (5th Cir. 1976)…………..7

*Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999))………………………...6

*Salinger v. Colting*, 607 F.3d 68, 80 (2d Cir. 2010)……………………………………...6

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)………………………...4

*WPIX, Inc. v. ivi, Inc.* 691 F.3d 275, 285 (2d Cir. 2012)……………………………5

## PRELIMINARY STATEMENT

The facts and background regarding this case are fully set forth in Plaintiffs' Affidavit to this Order to Show Cause and the Verified Complaint filed in this case. This TRO and preliminary injunction are necessary to prevent further irreparable and imminent harms from being inflicted upon Plaintiffs. This memorandum of law further supports the granting of the Order to Show Cause.

## PREVAILING LAW

A plaintiff seeking a TRO "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). This Court may grant a temporary restraining order, preliminary injunction, if the moving party demonstrates "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *MyWebGrocer, LLC v. Hometown Info, Inc.*, 375 F.3d 190, 192 (2d Cir. 2004) (quotation marks omitted).

"A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Faiveley Transport. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (quotation marks omitted). "Plaintiffs must

demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Id*. (alteration omitted). "Harm may be irreparable where the loss is difficult to replace or measure, or where plaintiffs should not be expected to suffer the loss." *WPIX, Inc. v. ivi, Inc*. 691 F.3d 275, 285 (2d Cir. 2012).

In the Second Circuit, courts evaluate irreparable harm and the likelihood of ultimate success on a sliding scale: "when the injury that allegedly will result if the restraining order is denied is very grave, less of a showing [of likely success] by the applicant is required than if the injury would be slight." *Kamine/Besicorp Allegany L.P. v. Rochester Gas & Elec. Corp.,* 908 F. Supp. 1180, 1187 (W.D.N.Y. 1995); see *Citigroup Glob. Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.,* 598 F.3d 30, 35 (2d Cir. 2010). The purpose of a TRO is to preserve the status quo until the court "has an opportunity to pass upon the merits of the demand for a preliminary injunction." *Garcia v. Yonkers Sch. Dist.,* 561 F.3d 97, 107 (2d Cir. 2009).

To obtain a TRO, the movant must show "either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation," provided the balance of hardships tips "decidedly" in the movant's favor. *Citigroup Glob. Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010) (quoting *Jackson Dairy, Inc. v. H.P. Hood*

& *Sons, Inc.,* 596 F.2d 70, 72 (2d Cir. 1979)). "The 'serious questions' standard permits a district court to grant a preliminary injunction in situations where it cannot determine with certainty that the moving party is more likely than not to prevail on the merits of the underlying claims, but where the costs outweigh the benefits of not granting the injunction." *Id*. at 35.

"To demonstrate irreparable harm, the movant must show 'an injury that is neither remote nor speculative, but actual and imminent.'" *Nat'l Coal. on Black Civic Participation v. Wohl,* 498 F. Supp. 3d 457, 469 (S.D.N.Y. 2020) (quoting *Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999)). The district court should "actually consider the injury the plaintiff will suffer if he or she loses on the preliminary injunction but ultimately prevails on the merits, paying inadequate to compensate for that injury." *Salinger v. Colting*, 607 F.3d 68, 80 (2d Cir. 2010) (internal quotations omitted). "To establish irreparable harm, a party seeking preliminary injunctive relief must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation." *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002).

The party seeking a TRO must show that "the balance of hardships tips in the moving party's favor." *Free Country Ltd v. Drennen*, 235 F. Supp. 3d 559, 565

(S.D.N.Y. 2016). A TRO movant must show "that the public interest is not disserved by the relief granted." *Free Country,* 235 F. Supp. 3d at 565.

A temporary restraining order is meant only to "preserve, for a very brief time, the status quo, so as to avoid irreparable injury pending a hearing on the issuance of a preliminary injunction." *Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 829 (5th Cir. 1976). Importantly, "[i]f the currently existing status quo itself is causing one of the parties irreparable injury, it is necessary to alter the situation so as to prevent the injury, . . . by, [inter alia,] returning to the last uncontested status quo between the parties." *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974) (citation omitted).

If the Court grants Plaintiff's request for a TRO, it should not require Plaintiffs to post a bond. See Fed. R. Civ. P. 65(c) (providing that the party seeking a TRO shall give security "in an amount that the court considers proper" in case it is later necessary to make the restrained party whole). "It is well-settled that a district court has 'wide discretion in the matter of security and it has been held proper for the court to require no bond where there has been no proof of likelihood of harm'" for the restrained party. *New York City Triathlon, LLC v. NYC Triathlon Club, Inc.*, 704 F. Supp. 2d 305, 345 (S.D.N.Y. 2010) (quoting *Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 985 (2d Cir. 1996)). *Eastman Kodak Co. v. Collins Ink Corp.,* 821 F. Supp. 2d

582, 590-91 (W.D.N.Y. 2011) (finding no likelihood of harm to the restrained party and declining to require a bond).

Plaintiffs should not be required to post bond, as it is exceedingly unlikely, in light of Defendants' clear and brazen violations of the law and actions designed or have the effect of eliminating any relationship between mother and daughter, that this motion will result in wrongful enjoinment. Moreover, the OSC requests injunctive relief that requires no affirmative action to be taken by Defendants. Defendants have shown their true colors, they are out to destroy the strong relationship between Plaintiffs and deny V.P.W. the fundamental right to be with her mother and Wexler's fundamental right to raise her daughter.

**BURDEN HAS BEEN MET TO GRANT PLAINTIFFS' OSC**

Currently the parties are in a custody trial involving V.P.W. with testimony continuing on July 1, 2024 and scheduled for additional dates in July. Based on the prejudicial conduct of Defendants, their demonstrable failure to act in the best interests of V.P.W., the harm they are causing V.P.W. and Wexler, their failure to protect and in fact deliberate actions to disregard the obvious signs of physical and emotional abuse of V.P.W., express actions to deny Wexler her due process rights, collusion with Parrott, refusal to communicate with Wexler, perjury in their affirmations, attempt to force a police officer to alter his honest testimony and numerous other actions set forth in the Verified Complaint and accompanying

9

affidavit, allowing Defendants to act as AFC will cause imminent and irreparable harm to Plaintiffs. There is no disservice to the public interest in granting the TRO.

The disenfranchisement by Defendants of Plaintiffs' Constitutional rights of due process and rights to a fair trial are prejudicial to the Plaintiffs and the welfare of V.P.W. who is currently in the custody of Parrott, where numerous physical injuries of V.P.W. have been apparent, complete alienation of Plaintiffs from each other is on-going to which Defendants actively are a party to, V.P.W.'s education is neglected, Defendants' collusion with Parrott is evident and acknowledged by Defendants, and every day Defendants represent V.P.W. and conduct trial, imminent and irreparable harm are being caused to Plaintiffs.

Only Plaintiffs have suffered, and will suffer in the future, as a result of Defendants actions and inactions, fraud, malfeasance, collusion, conflicts of interests, false and misleading advertising, interference with Plaintiffs' due process rights and rights to a fair trial and the deliberate malicious acts to deny Plaintiffs the fundamental right to be together as repeatedly and soundly ruled upon by the U.S. Supreme Court (significantly set forth in the Verified Complaint). Conversely, unlike Plaintiffs, none of Defendants' rights will be impaired if the Court grants the requested injunctive relief, as no hardship can be claimed based on the enforcement of Plaintiffs' constitutional, statutory and expressed rights by the U.S. Supreme Court nor are Defendants' rights impaired as they are the AFC and have no rights

independent of V.P.W., a party they are seriously harming and continue to cause harm to every day that passes.

Here, Defendants' conduct was and continues to be egregious in nature; not only have they breached their obligations to V.P.W. and actively conducted themselves in a manner to deny Wexler her fundamental rights of parenthood and rights of due process, but they have done so at a significant benefit to themselves. Plaintiffs' Verified Complaint and the accompanying exhibits provide ample evidence that Plaintiffs have a strong likelihood of success on their claims against Defendants.

## CONCLUSION

For the foregoing reasons, there exists a high likelihood of success by Plaintiffs on the merits and thus Plaintiffs respectfully request that the Court (1) grant the proposed TRO submitted with this Memorandum and the Affidavit, and (2) schedule a hearing for a preliminary injunction.

Dated: June 30, 2024

    Respectfully Submitted,

    Linnea Wexler, *Pro Se,*
    Individually and On Behalf Of Minor
    Daughter V.P.W.
    500 East 77th St., Apt. 1510
    New York, New York 10162
    (917) 818-7557
    linnealegal@gmail.com