UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LINNEA WEXLER, individually; LINNEA
WEXLER, on behalf of minor daughter V.P.W.,

                          Plaintiffs,

                    -against-

LAWYERS FOR CHILDREN, INC., *et al.*,

                          Defendants.

24-CV-4947 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action against Defendants Lawyers For Children ("LFC"), nine lawyers who work at LFC, four LFC licensed social workers, and the director of philanthropy & strategic partnerships at LFC. Plaintiff alleges that Defendants violated her rights as the parent of her minor child, Plaintiff V.P.W. Plaintiff seeks to bring these claims on her own behalf and on behalf of her child.

Plaintiff also has filed an unsigned order to show cause, pursuant to Rule 65 of the Federal Rules of Civil Procedure, asking this Court to issue an order,

> enjoining the Defendants, and any other employees or persons or parties on behalf of Lawyers For Children, Inc. ("LFC") during the pendency of this action from acting as the Attorney for Child for V.P.W. or having any role, in the case involving V.P.W., *i.e.*, *Parrott v. Wexler and Wexler v. Parrott*, Index No. 291083/20 in the Family Court of the City of New York (the "Custody Case"); and it is further ORDERED that, sufficient reason having been shown therefor, pending the hearing of Plaintiffs' application for a preliminary injunction, pursuant to Rule 65, Fed. R. Civ. P., the Defendants and any other employees or persons or parties on behalf of LFC are temporarily restrained and enjoined from acting as the Attorney for Child for V.P.W. or having any role, in the Custody Case[.]

(ECF 3, at 2.) For the following reasons, the Court denies Plaintiff's request for preliminary injunctive relief.

To obtain preliminary injunctive relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. Accordingly, Plaintiff's request for an order to show cause (ECF 3) is denied. The Court will issue an explanatory order at a later date.

## CONCLUSION

Plaintiff's request for an order to show cause (ECF 3) is denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 3, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge