UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINNEA WEXLER, *Individually and On Behalf of Minor Daughter V. P. W.*,<br><br>                              Plaintiff,<br><br>-against-<br><br>LAWYERS FOR CHILDREN, INC., SERINA ROSENBAUM, LINDA DIAZ, HAL SILVERMAN, ANNA SCHISSEL, KAREN FREEDMAN, GLENN METSCH-AMPEL, LISA LUBELL, SHIRIM NOTHENBERG, SELENE GONZALEZ, MARGARET TARVIN, ALLEN HALPIN, MIKE MURTAGH, TARA SHEORAN, AND DYANE MCMAHON<br><br>                              Defendants. | 24-CV-4947 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. By order dated July 3, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the action.

### STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when it lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to

interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8. Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* at 678. But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Linnea Wexler is the mother of her minor child, V.P.W. She brings this action against Lawyers for Children, Inc. ("LFC"), a New York based nonprofit legal organization that is representing her child in a custody case between Plaintiff and V.P.W.'s father, Matthew Parrott. (ECF No. 1, 1). She also names as Defendants several LFC employees, most of whom are attorneys or social workers who have allegedly been involved in those custody proceedings.[1] (*Id.*

---

[1] One of the named Defendants is an LFC employee who "was and is employed by LFC as the director of philanthropy & strategic partnerships for LFC or director of development."

at 1–6). Plaintiff asserts that LFC is biased against her due to its connections with the law firm where V.P.W.'s father is a partner. (*Id.* at 6, 25–28). She further claims that the individual Defendants have failed to render adequate services in her daughter's custody case. (*Id.* at 10).

Plaintiff claims that Defendants have violated her constitutional right to parent her daughter and receive a fair custody case under 42 U.S.C. § 1983. (*Id.* at 10, 62). She also alleges that Defendants conspired to deprive her of these rights in violation of 18 U.S.C. § 241 and that their conduct meets the elements of 18 U.S.C. § 1961 ("RICO"). (*Id.* at 62, 90–97). She further alleges that Defendants have falsely advertised their services in violation of New York consumer protection law, (*id.* at 78–80, 112); are liable in tort for failing to provide adequate services under a negligence theory, (*id.* at 40); have violated either several provisions of the New York Rules of Professional Conduct, (*id.* at 80–81), or their duty to act as mandatory reporters, (*id.* at 16); and have endangered the welfare of a child under New York Penal Law § 260.10, (*id.* at 63).

For relief, Plaintiff seeks compensatory and punitive damages. (*Id.* at 124.) She also asks that the individual Defendants be terminated from their employment and advocates for a variety of procedural changes in her child's custody case, including that a different organization represent the interests of her child and that the custody case's outcome be stayed pending the result of the instant litigation. (*Id.* at 124–25.)

## DISCUSSION

### A.  42 U.S.C. § 1983 claims

To the extent that Plaintiff asserts claims of federal constitutional violations under Section 1983 against Defendants, the Court must dismiss those claims.

---

(ECF 1 at 6). For clarity, the Court refers to this named Defendant as "director of development." *See infra* page 5.

To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). "The traditional definition of acting under color of state law requires that the defendant . . . exercise[ ] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (internal quotation marks and citation omitted). "Because the United States Constitution regulates only the Government, not private parties, [with respect to a claim brought under Section 1983,] a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and citation omitted).

Private parties generally are not state actors and are thus not usually liable under Section 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)). Rather, a private party "may be subject to § 1983 liability if that individual willfully collaborated with an official state actor in the deprivation of a federal right." *Bacquie v. City of New York*, No. 99-CV10951 (JSM), 2000 WL 1051904, at *1 (S.D.N.Y. July 31, 2000) (citing *Adickes v. S.H. Kress & Co .*, 398 U.S. 144, 152 (1970)). LFC is a private nonprofit organization, and any court appointment of LFC's services does not render it a state actor. *See Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that "a legal aid society ordinarily is not a state actor amenable to suit under § 1983" due to the "lack of governmental control over or interference with legal aid societies' affairs notwithstanding the receipt of substantial government funds." (internal quotations omitted)). Nor is LFC's director of development a state actor. Rather, this Defendant is a private

individual employed by a private company, and Plaintiff alleges no facts suggesting that this person willfully cooperated with a state official. *See Bacquie*, 2000 WL 1051904, at *1. The Court therefore dismisses these claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Further, absent special circumstances suggesting concerted action between an attorney and a state representative, *see Adickes*, 398 U.S. at 152, a private attorney's legal representation does not constitute state action for the purpose of stating a claim under Section 1983 against that attorney, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender, *see Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318-19 (1981), and *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997)); *see also Shorter v. Rice*, No. 12-CV-0111, 2012 WL 1340088, at *4 (E.D.N.Y. Apr. 10, 2012) ("[I]t is axiomatic that neither public defenders, such as Legal Aid attorneys, nor court-appointed counsel, nor private attorneys, act under the color of state law merely by virtue of their position."). Because Plaintiff alleges no facts showing the attorneys she names as Defendants have acted as state actors in allegedly depriving her of her constitutional rights, the Court also dismisses Plaintiff's Section 1983 claims against these Defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The LFC social workers Plaintiff names as Defendants are similarly not state actors. *See Koulkina v. City of New York*, 559 F. Supp. 2d 300, 321 (S.D.N.Y. 2008) (social worker not a state actor where plaintiffs' complaint does not "allege that [social worker] is employed by the state or that her actions with respect to plaintiffs were taken in concert with a state agent"); *Davis v. Whillheim*, No. 17-CV-5793 (KPF), 2019 WL 935214, at *10 (S.D.N.Y. Feb. 26, 2019) (social worker not a "state actor simply because Lawyers for Children was appointed by the Family

5

Court" and "Lawyers for Children" is "a nonprofit law firm," not a state entity). Plaintiff alleges no facts suggesting that these Defendants partook in state action in any way relevant to her constitutional rights. Thus, the Court also dismisses Plaintiff's Section 1983 claims against these Defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      The domestic relations abstention doctrine in federal question cases**

Even if Plaintiff had brought her Section 1983 claims against state actors, the Court still must decline to exercise jurisdiction pursuant to the domestic relations abstention doctrine that applies when a federal district court would otherwise exercise 28 U.S.C. § 1331 subject matter jurisdiction.[2] In such cases, to avoid "intrud[ing] impermissibly upon state law matrimonial jurisdiction," federal district courts abstain from exercising federal question jurisdiction of claims involving domestic relations issues, so long as those claims can be fully and fairly determined in the state courts. *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14-15 (2d Cir. 1990). "[T]he existence of a distinct abstention doctrine for certain domestic relations disputes is supported by the Supreme Court's longstanding recognition — in a non-diversity case involving a child custody dispute — that the whole subject of . . . domestic relations . . . belongs to the laws of the states, and not to the laws of the United States." *Deem v. DiMella-Deem*, 941 F.3d 618, 621, 623-24 (2d Cir. 2019) (quoting *In re Burrus*, 136 U.S. 586, 593-94 (1890)) (internal quotations omitted). In short, the doctrine seeks to "leave[] family disputes to the courts best suited to deal with them." *Id.* at 623 (internal quotations and citation omitted).

---

[2] The Court's only basis for subject matter jurisdiction of Plaintiff's claims is through 28 U.S.C. § 1331. Plaintiff is a New York resident suing a New York based nonprofit law firm and several of its employees, most of whom are attorneys or social workers licensed in New York State. (ECF 1 at 1–6). These facts alone preclude the possibility of complete diversity of citizenship amongst the parties.

6

Further, when a federal court would otherwise exercise jurisdiction pursuant to 28 U.S.C. § 1331, it must abstain when confronted with claims that are even merely "on the verge of being matrimonial in nature." *DiMella-Deem*, 941 F.3d at 623. A plaintiff need "not request [a federal court] to alter the state court's [domestic relations] determination" outright for a court to abstain from exercising federal question jurisdiction. *McArthur v. Bell*, 788 F. Supp. 706, 709 (E.D.N.Y. 1992). Rather, courts must abstain when they "would be forced to re-examine and re-interpret all the evidence brought before the state court in the domestic relations proceedings." *Id.* (domestic relations abstention doctrine applied because "all of [Plaintiff's] allegations regarding violations of his constitutional rights . . . are directly related to the aforementioned [domestic relations] proceedings"); *see DiMella-Deem*, 941 F.3d at 620 (domestic relations abstention doctrine applied where Plaintiff claimed defendants "conspired . . . to violate his right to intimate association with his children" through unconstitutional custody proceedings).

Plaintiff claims that Defendants "conspired . . . to deprive Plaintiffs of their due process rights." (ECF 1 at 51–52). Yet "there is no obstacle" to the "full and fair determination" of these claims in state court. *DiMella-Deem*, at 621. Because addressing these claims would require the Court to "interpret state domestic relations law or immerse itself in domestic relations matters, the [C]ourt must abstain from proceeding with the case due to the state courts' greater interest and expertise in that field." *Evans v. Adams*, No. 22-CV-3882, 2024 WL 306240 (E.D.N.Y. Jan. 26, 2024) (quoting *Am. Airlines*, 905 F.2d at 14) (internal quotations omitted).

Therefore, even if Plaintiff's claims did not warrant dismissal for failure to state a claim, the Court would still decline to exercise its jurisdiction pursuant to the domestic relations abstention doctrine, because this Court would otherwise have federal question jurisdiction of

Plaintiff's constitutional and federal statutory claims, yet these claims arise out of a domestic relations issue.

C. The *Younger* abstention doctrine

Further, inasmuch as Plaintiff's child custody proceedings are pending in Family Court, this Court may not intervene in them. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court of the United States held that a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith. Application of the *Younger* abstention doctrine has been extended to the three following categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013).

Courts have held that at least one of those categories encompasses pending state court child custody proceedings, as "it is well-settled that a custody dispute . . . raises important state interests." *Stumpf v. Maywalt*, 605 F. Supp. 3d 511, 517 (W.D.N.Y. 2022). Thus, when a "federal lawsuit implicates the way that New York courts manage their own divorce and custody proceedings—a subject in which the states have an especially strong interest," *Younger* abstention is warranted. *Falco v. Justs. of the Matrim. Parts of the Sup. Ct. of Suffolk Cnty.*, 805 F.3d 425, 427 (2d Cir. 2015) (internal quotations omitted). Plaintiff's Section 1983 allegations "are based solely on the state custody proceedings and . . . involve the state's compelling interest in protecting the welfare of children," and "Plaintiff may raise these claims in the state proceedings." *Maywalt*, 605 F. Supp. 3d at 518 (*Younger* abstention doctrine applied where "Plaintiff ask[ed] the Court to declare unconstitutional and to dismiss the state custody proceedings, based on his allegations relating to Defendants' procedure for removing his

8

children, alleged coercion they used during that process, and making untrue statements during the state custody proceedings").

This abstention doctrine further prevents the Court from providing Plaintiff with the relief she seeks. Even if her allegations stated a claim, pursuant to *Younger,* the Court must also decline to exercise jurisdiction of her claims.

**D.      Claims under the Racketeer Influenced and Corrupt Organizations Act**

Plaintiff asserts claims under the civil provision of RICO, which "creates a private right of action for individuals to enforce the RICO statute." *Mathon v. Feldstein*, 303 F. Supp. 2d 317, 322 (E.D.N.Y. 2004). The civil RICO enforcement provision states that "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962] . . . may sue . . . in any appropriate United States district court and shall recover threefold the damages[.]" 18 U.S.C. § 1964(c).

In order to state a violation of Section 1962, a plaintiff must allege facts showing: "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983) (quoting § 1962(a)-(c)). Put simply, the plaintiff must plead facts plausibly suggesting the existence of a criminal enterprise affecting commerce and a pattern of racketeering activity consisting of two or more related criminal acts in which the named defendants participated.

To state a viable claim of a civil RICO conspiracy under Section 1962(d), a plaintiff must allege facts showing that the defendants "agreed to form and associate themselves with a RICO enterprise and that they agreed to commit two predicate acts in furtherance of a pattern of

9

racketeering activity in connection with the enterprise." *Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 244 (2d Cir. 1999).

Plaintiff fails to state a claim under civil RICO – either a claim for civil enforcement or one of conspiracy – because she does not plead facts suggesting that Defendants (1) participated in a criminal enterprise and (2) engaged in criminal activity that both benefited the criminal enterprise and affected interstate or foreign commerce. Rather, Plaintiff describes issues pertaining to a family court dispute in which LFC and the named individual Defendants allegedly failed to adequately represent her child's interests. These allegations do not frame a viable claim for a RICO violation because the facts alleged do not demonstrate that these Defendants constitute a criminal enterprise that engages in racketeering activity that affects any commerce. The Court therefore dismisses these claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**E.     Claims under state law**

A federal district court may decline to exercise supplemental jurisdiction of claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of [supplemental] jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the claims of which the Court has original jurisdiction (Plaintiff's claims under federal law), the Court declines to exercise its supplemental jurisdiction of any remaining claims under state law that Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**LEAVE TO AMEND DENIED**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Even if Plaintiff brought her Section 1983 claims against state actors, this Court would abstain from exercising its jurisdiction pursuant to the domestic relations and *Younger* doctrines. Nor could Plaintiff sufficiently amend her complaint to state a RICO claim, since Defendants could not plausibly be engaged in a criminal enterprise affecting interstate commerce by allegedly providing inadequate services in connection with her child's custody case. Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**CONCLUSION**

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court denies Plaintiff's motion to submit video recordings (ECF 11) and her motion to amend her complaint and stay this action (ECF 15) as moot. The Court directs the Clerk of Court to terminate those motions.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

   The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated: July 26, 2024
    New York, New York

                /s/ Laura Taylor Swain
                LAURA TAYLOR SWAIN
                Chief United States District Judge